# CITY OF PEKIN
## v.
# M. C. DUNKELBURG.

*Municipal Corporations—Ordinance—Violation—Rules 10 and 11 of Circuit Court—Practice—Advance Costs.*

1. The Circuit Court has no power to impose upon parties not in default any conditions as to the exercise of their rights under the law that are not imposed by law.

2. In an action by a municipality for the violation of one of its ordinances, it is not liable to a judgment for costs made, nor subject to a rule of court requiring payment before they are made.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Mr. W. B. COONEY, for appellant.

Mr. T. N. GREEN, for appellee.

*Per Curiam.* This was a proceeding commenced by complainant before a justice, for violation of a city ordinance, and the appeal from his judgment to the Circuit Court was there dismissed, on motion of appellee, for failure of appellant to pay to the clerk $3 as advance costs, under a rule of that court.

We understand that while Circuit Courts may make rules

for the orderly disposition of business before them, they have no power to impose upon parties not in default any conditions as to the exercise of their rights under the law that are not imposed by the law. We are further inclined to think that the city, in such a case as this, is not liable under the law to a judgment for costs made and *a fortiori* not subject to a rule of court requiring payment before they are made. Fosselman v. City of Springfield, 38 Ill. App. 296.

For these reasons the judgment will be reversed and the cause remanded.

*Reversed and remanded.*